Chief Justice Robertson,
delivered the opinion of the Court.
Thruston was indicted for importing slaves into this state in violation of the statute of 1815, and a verdict and judgment having been rendered in his favor, the commonwealth complains that tiie circuit court erred in refusing to compel a witness to testify to facts against the; accused, which he (the witness.) said, on his oath, would operate to his own prejudice.
The counsel for the defendant insists, that the witness was not hound to testify, and that, if he had been, the judgment should not be .reversed, because *63 "the indictment does not charge any offence denounced by law.
A wilness will not, merely beoau«e he m.iy subject himself to a civil suit, be excused from testifying.
Under act of 18)5, importation of si,ives into this state, is one offence and selling of themisanolher'
Denny, Átto. Gen. for Com’lth; Richardson for defendant.
1st. We are of opinion, that the witness should have been required to state, whether the defendant in error imported the slaves, or not, even though he swore that he would be liable for half the fine, if the defendant should be found guilty, and could not, in his own opinion, answer the questions propounded to him, without prejudice to his defence to a prosecution pending against himself for the same offence charged against the defendant. He might have answered either affirmatively, or negatively, the question, “Do you know that Dr. Thruston (the defendant in error,) brought slaves from Virginia, and when?” without implicating himself; and as to hisobligation to pay half of any fine assessed against the defendant, that, for aught that appears, may have been merely civil, and a witness will not be excused merely because he may subject himself to a civil suit.
2nd. The indictment is good. Importation alone may be an indictable offence; a subsequent sale is not a necessary ingredient in the constitution of an offence prohibited by the act of 1815, (II Dig. 1162.) The importation is one offence, the selling is another; for each of which a distinct penalty is denounced.
But the act declares that, on an indictment for importing, proof of both importation and sale shall throw on the accused the burthen of shewing that he is excused by being brought within some one of the exceptions prescribed •in the act. This construction of the act will, alone, give harmony and effect to all its provisions.
Wherefore, as the circuit erred in refusing to compel the witness to answer the question which has-been quoted; the judgment is reversed, and the cause remanded for a new trial.